# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| MERRILL THOMAS, | ) FILED: NOVEMBER 26, 2008 |
| | ) 08 CV 6803 |
| Plaintiff, | ) JUDGE KENNELLY |
| | ) MAGISTRATE JUDGE ASHMAN |
| vs. | ) |
| | ) PH |
| CITY OF CHICAGO, ILLINOIS, | ) |
| and CHICAGO POLICE OFFICERS | ) |
| S. PLEWA, Star No. 14604, and | ) |
| J. A. ZAMBRANO, Star No. 5475, | ) |
| | ) |
| Defendants. | ) **JURY TRIAL DEMANDED** |

## COMPLAINT

Now comes Plaintiff, MERRILL THOMAS, ("Plaintiff"), by and through his attorneys, Jeffrey B. Granich and Katie Z. Ehrmin, and makes the following complaint against Defendant CITY OF CHICAGO, ILLINOIS, ("Defendant City"), and Defendant CHICAGO POLICE OFFICERS S, PLEWA, Star No. 14604, and J. A. ZAMBRANO, Star No. 5475, ("Defendant Officers"):

## JURISDICTION and VENUE

1.      This action is brought pursuant to 42 U.S.C. § 1983 to redress the deprivation under color of law of Plaintiffs' rights as secured by the United States Constitution.

2.      This Court has jurisdiction of the action pursuant to 28 U.S.C. §§ 1331, 1343 and 1367.

3.      Venue is proper under 28 U.S.C. § 1391(b).  All parties reside in this judicial district and the events giving rise to the claims asserted in this complaint occurred within this district.

**PARTIES**

4.     At all times relevant hereto, Plaintiff Merrill Thomas was a 33 year-old
       African-American male resident of Chicago, Illinois.

5.     At all times relevant hereto, Defendant Officers were Police Officers for the
       City of Chicago and were acting under the color of the law and within the
       scope of their employment.

6.     Defendant City of Chicago is a municipal corporation, duly incorporated
       under the laws of the State of Illinois, and is the employer and principal of the
       Defendant Officers.

**FACTUAL ALLEGATIONS**

7.     On or about March 17, 2008, Plaintiff was in his father's residence located at
       1334 N. Mason Ave., Chicago, Illinois 60651.

8.     At this time, Defendant Officers forcefully entered the residence and
       demanded that Plaintiff tell the Officers where illegal substances and/or
       weapons could be found.

9.     Plaintiff responded to the Defendant Officers that he was not aware of any
       illegal substances and/or weapons in the residence.

10.    Plaintiff was placed under false arrest and was unlawfully searched after one
       or more of the Defendant Officers recovered illegal substances and/or
       weapons which did not belong to Plaintiff from the residence.

11.    Defendant Officers then proceeded to unreasonably and forcefully handcuff
       Plaintiff and detain, seize, and arrest Plaintiff without an arrest warrant,
       without exigent circumstances, without reasonable suspicion, without consent,
       and without probable cause to believe that Plaintiff was committing or had
       committed a crime.

12.    Following his illegal and unconstitutional arrest, Defendant Officers
       transported Plaintiff to 25th District Chicago Police Station where he was
       falsely charged with Armed Habitual Criminal in violation of 720 ILCS
       55.0/24-1.7-A and Possession-Manufacturing/Delivery in violation of 720
       ILCS 570.0/407-B-1.

13.    On September 8, 2008, Defendant Slawomir Plewa was arrested by the
       Chicago Police Department and charged with Official Misconduct, Perjury,
       Disorderly Conduct, Unlawful Restraint, and Obstruction of Justice under

Case No. 08 – 131432.

14.    Plaintiff remained in custody until October 20, 2008 when all false charges against Plaintiff were dismissed.


## Count I – 42 U.S.C. § 1983 False Arrest

15.    Plaintiff re-alleges paragraphs 1 through 14 as if fully repleaded herein.

16.    On March 17, 2008, Plaintiff was seized and arrested without a warrant and without probable cause. This seizure and arrest were in violation of Plaintiff's rights secured under the Fourth and Fourteenth Amendments of the Constitution of the United States.

17.    Defendant Officers unlawfully and maliciously arrested Plaintiff and wrongfully detained and searched him without any legal right to do so, in their official capacity as law enforcement officers, under color of state law, and acting within the scope of their employment.

18.    The misconduct described in this Count was undertaken pursuant to the policy and practice of the Chicago Police Department in that:

    a.    As a matter of both policy and practice, the Chicago Police Department directly encourages the type of misconduct at issue here by failing to adequately train, supervise and control its officers, and its failure to do so constitutes deliberate indifference;

    b.    As a matter of both policy and practice, the Chicago Police Department facilitates the type of misconduct at issue here by failing to adequately punish and discipline prior instances of similar misconduct, thereby leading Chicago Police Officers to believe their actions will never be scrutinized and, in that way, directly encourages future abuses such as those affecting Plaintiff; specifically, Chicago Police officers accused of misconduct are aware that the Office of Professional Standards will not fully investigate these accusations and will almost always refuse to recommend discipline even where the officer has engaged in wrongdoing;

    c.    As a matter of widespread practice so prevalent as to comprise municipal policy, Officers of the Chicago Police Department abuse citizens in a manner similar to that alleged by Plaintiff in this Count on a frequent basis, yet the Chicago Police Department

makes findings of wrongdoing in a disproportionately small number of cases;

d.      Municipal policy-makers are aware of, and condone and facilitate by their inaction, a "code of silence" in the Chicago Police Department, by which Officers fail to report misconduct committed by other Officers, such as the misconduct at issue in this case;

e.      The City of Chicago has failed to act to remedy the patterns of abuse described in the preceding sub-paragraphs, despite actual knowledge of the same, thereby causing the types of injuries alleged here;

f.      As a matter of express policy, the City of Chicago does not retain any records which are more than five years old documenting allegations of misconduct against police officers, thereby preventing the City from ascertaining any patterns of abuse which might develop over the course of a Police Officer's career;

g.      As a matter of express policy, the City of Chicago refuses to take into consideration patterns of allegations of civil rights violations when evaluating the merits of any particular complaint. Regardless, the number of times an Officer is accused of the same misconduct, the Office of Professional Standards is forbidden by the City from considering those allegations if they are deemed "unsustained"; and,

h.      The problem with the policy identified in the preceding paragraph is that by its own accounting, the City sustains less than 5% of the complaints brought against Police Officers for violations of civil rights.

19.      The acts committed by Defendant Officers were done maliciously, willfully and wantonly, intentionally, and with reasonable certainty that the acts were in violation of Plaintiff's constitutional rights and would cause harm to Plaintiff.

WHEREFORE, Plaintiff prays for judgment against Defendant Officers and Defendant City in a fair and just amount sufficient to compensate him for the injuries he suffered, plus, Plaintiff seeks a substantial sum in punitive damages against Defendant City of Chicago, costs and reasonable attorney fees, and all such other relief as this Court finds just and equitable.

## Count II – 42 U.S.C. § 1983 Unlawful Search

20. Plaintiff re-alleges paragraphs 1 through 14 as if fully repleaded herein.

21. Defendant Officers searched Plaintiff's person without probable cause to believe Plaintiff was committing or had committed a crime in violation of the 4th Amendment to the United States Constitution.

22. The Chicago Police Department has an unwritten policy of failing to update and inform its Police Officers regarding the state of the law of the United States and the State of Illinois.

23. The misconduct described in this Count was undertaken pursuant to the policy and practice of the Chicago Police Department in that:

   a. As a matter of both policy and practice, the Chicago Police Department directly encourages the type of misconduct at issue here by failing to adequately train, supervise and control its officers, and its failure to do so constitutes deliberate indifference;

   b. As a matter of both policy and practice, the Chicago Police Department facilitates the type of misconduct at issue here by failing to adequately punish and discipline prior instances of similar misconduct, thereby leading Chicago Police Officers to believe their actions will never be scrutinized and, in that way, directly encourages future abuses such as those affecting Plaintiff; specifically, Chicago Police officers accused of misconduct are aware that the Office of Professional Standards will not fully investigate these accusations and will almost always refuse to recommend discipline even where the officer has engaged in wrongdoing;

   c. As a matter of widespread practice so prevalent as to comprise municipal policy, Officers of the Chicago Police Department abuse citizens in a manner similar to that alleged by Plaintiff in this Count on a frequent basis, yet the Chicago Police Department makes findings of wrongdoing in a disproportionately small number of cases;

   d. Municipal policy-makers are aware of, and condone and facilitate by their inaction, a "code of silence" in the Chicago Police Department, by which Officers fail to report misconduct committed by other Officers, such as the misconduct at issue in this case;

   e. The City of Chicago has failed to act to remedy the patterns of abuse described in the preceding sub-paragraphs, despite actual knowledge of the same, thereby causing the types of injuries alleged here;

f. As a matter of express policy, the City of Chicago does not retain any records which are more than five years old documenting allegations of misconduct against police officers, thereby preventing the City from ascertaining any patterns of abuse which might develop over the course of a Police Officer's career;

g. As a matter of express policy, the City of Chicago refuses to take into consideration patterns of allegations of civil rights violations when evaluating the merits of any particular complaint. Regardless, the number of times an Officer is accused of the same misconduct, the Officer of Professional Standards is forbidden by the City from considering those allegations if they are deemed "unsustained"; and,

h. The problem with the policy identified in the preceding paragraph is that by its own accounting, the City sustains less than 5% of the complaints brought against Police Officers for violations of civil rights.

24. The aforementioned actions of the Defendant Officers proximately caused Plaintiff to be deprived of his 4th Amendment right to be free from unlawful searches.

WHEREFORE, Plaintiff prays for judgment against Defendants in a fair and just amount sufficient to compensate him for the injuries he suffered, plus, Plaintiff seeks a substantial sum in punitive damages against the Defendants, costs and reasonable attorney fees, and all such other relief as this Court finds just and equitable.

## Count III—Malicious Prosecution

25. Plaintiff re-alleges paragraphs 1 through 14 as if fully repleaded herein.

26. Jurisdiction of this court is invoked pursuant to its supplemental jurisdiction under title 28, United States Code §1367.

27. Defendant Officers initiated and continued judicial proceedings against Plaintiff by intentionally making knowingly false statements in police reports and causing false testimony to be presented to a Cook County Judge. This false and malicious conduct resulted in Plaintiff being charged with and prosecuted for Possession of a Controlled Substance.

28. Defendant Officers instituted the judicial proceedings against Plaintiff with malice and with willful and wanton disregard for the truth.

29. Defendant Officers brought said false charges and continued the prosecution of such false charges in order to cover up their own illegal conduct.

6

30.  On October 20, 2008, all false charges against Plaintiff were dismissed.

31.  As a direct and proximate result of this illegal and malicious conduct, Plaintiff has suffered extensive damages, including but not limited to: severe emotional harm, legal and other out-of-pocket costs and other damages which will be proven at trial.

WHEREFORE, Plaintiff prays for judgment against Defendant Officers and Defendant City in a fair and just amount sufficient to compensate him for the injuries he suffered, plus, Plaintiff seeks costs and reasonable attorney fees, and all such other relief as this Court finds just and equitable.

## Count IV – Intentional Infliction of Emotional Distress

32.  Plaintiff re-alleges paragraphs 1 through 14 as if fully repleaded herein.

33.  Jurisdiction of this court is invoked pursuant to its supplemental jurisdiction under title 28, United States Code §1367.

34.  Defendant Officers' illegal arrest, unlawful seizure, and malicious prosecution of Plaintiff were committed with intentional disregard for Plaintiff's innocence, and amount to extreme and outrageous conduct against Plaintiff.

35.  Defendants intended to inflict severe emotional distress upon Plaintiff and knew that there was a high probability that their conduct would cause him severe emotional distress and mental anguish.

36.  As a direct and proximate result of this illegal and malicious conduct, Plaintiff suffered extensive damages, including but not limited to severe emotional harm, legal and other out-of-pocket costs and other damages which will be proven at trial.

WHEREFORE, Plaintiff prays for judgment against Defendants in a fair and just amount sufficient to compensate him for the injuries he suffered, plus, Plaintiff seeks costs and reasonable attorney fees, and all such other relief as this Court finds just and equitable.

## Count V—State Law Claims Against Defendant City
### *Respondeat Superior* and Indemnification

37.  Plaintiff re-alleges paragraphs 1 through 14 as if fully re-pleaded herein.

38.     Illinois law provides that public entities, such as Defendant City, are directed to pay any compensatory damages on a tort judgment against an employee who was acting within the scope of his or her employment.

39.     At all relevant times, Defendant Officers were agents of Defendant City and employees of the Chicago Police Department acting within the scope of their employment.  Defendant City, therefore, is liable as principal for all torts committed by its agents, Defendant Officers.

WHEREFORE, Plaintiff prays for judgment against Defendants in a fair and just amount sufficient to compensate him for the injuries he suffered, plus, Plaintiff seeks costs and reasonable attorney fees, and all such other relief as this Court finds just and equitable.

MERRILL THOMAS,
Plaintiff,

By:   s/Jeffrey B. Granich
        Jeffrey B. Granich
        Attorney for Plaintiff

JEFFREY B. GRANICH
Law Offices of Jeffrey B. Granich
53 W. Jackson Blvd.
Suite 840
Chicago, IL 60604
(312) 939-9009
A.R.D.C. No. 6207030

KATIE Z. EHRMIN
Law Offices of Jeffrey B. Granich
53 W. Jackson Blvd.
Suite 840
Chicago, IL 60604
(312) 939-9009
A.R.D.C. No. 6292120